**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————

No. 19-50755
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO ESTRADA-EUGENIO, also known as Alfredo Erasto Estrada-Eugenio,

Defendant-Appellant

_____

Consolidated with 19-50763

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO ESTRADA-EUGENIO, also known as Juan Eugenio Medina, also known as Alfredo Estarada, also known as Alfredo Estrada Eugenio, also known as Alfredo Eugenio-Estrada, also known as Alfredo Estrada, also known as Alfredo Erasto Estrada-Eugenio, also known as Gerardo Amezquita,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-254-1
USDC No. 4:19-CR-110-1

————————

No. 19-50755
c/w No. 19-50763

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfredo Estrada-Eugenio appeals his within-Guidelines sentence of 52 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegal reentry after deportation. Additionally, he appeals the revocation of his supervised release related to a prior conviction for illegal reentry.  Estrada-Eugenio argues that the enhancement of his sentence for his new illegal reentry offense pursuant to 8 U.S.C. § 1326(b)(2), which increased the maximum sentence to 20 years of imprisonment and three years of supervised release, is unconstitutional because of the treatment of the provision as a sentencing factor rather than as an element that must be alleged in the indictment and proved to a jury beyond a reasonable doubt.  He concedes that his argument that a prior conviction must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the argument for possible Supreme Court review.

Estrada-Eugenio's argument is indeed foreclosed.  *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Estrada-Eugenio has not raised any argument with respect to his revocation proceedings.  Any such claim is thus deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments are AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.